ACCEPTED
15-25-00008-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/13/2025 6:44 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/13/2025 6:44:58 AM
CHRISTOPHER A. PRINE
Clerk

**CASE NO. 15-25-00008-CV**

# In the Court of Appeals

# for the Fifteenth Judicial District of Texas

**Linda D. Tanner**

*Appellant,*

**vs.**

**Texas Health and Human Services Commission, Juan Rodriguez,**

**Wendy Proctor, and Julia Murray**

*Appellees,*

**On Appeal from the 459th Judicial District Court**

**Travis County, Texas**

**Cause No. D-1-GN-24-002987**

**Honorable Judge Laurie Eiserloh**

## Appellant Reply Brief

**Linda D. Tanner**
**Pro Se**
Lulu143134143@gmail.com
**2121 Handley Drive**
**Apt 51**
**Fort Worth, TX 76112**
**817-204-8004**

# <u>Certificate of Interested Persons</u>

Appellant, Linda D. Tanner, certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.

| **<u>Appellant:</u>** | **<u>Counsel for Appellant:</u>** |
|---|---|
| Linda D. Tanner | Pro Se Litigant |
| | 2121 Handley Drive |
| | Apt 51 |
| | Fort Worth, TX 76112 |
| | Tel: 817-204-8004 |
| | lulu143134143@gmail.com |

| **<u>Appellees:</u>** | **<u>Counsel for Appellees:</u>** |
|---|---|
| Texas Health and Human Services Commission | Giselle Ortiz Astacio |
| Juan Rodriguez | Texas State Bar No. 24103222 |
| Wendy Proctor | Lauren McGee |
| Julia Murray | Texas State Bar No. 24128835 |
| | Assistant Attorney General |
| | Office of the Attorney General of Texas |
| | Administrative Law Division |
| | P.O. Box 12548, Capitol Station |
| | Austin, TX 78711-2548 |
| | Telephone: (512) 475-4200 |
| | Griselle.OrtizAstacio@oag.texas.gov |
| | Lauren.McGee@oag.texas.gov |

**<u>Respondent:</u>**

Honorable Judge Laurie Eiserloh
459th Judicial District Court
1700 Guadalupe,
11th Floor
Austin, TX 78701
Tele: 512-854-9384
Fax: 512-854-9338

# **Table of Contents**

1. Table of Statutes& Authorities…………………………………………….4

2. Argument…………………………………………………………………..6

   • Introduction…………………………………………………………6

   • I. Sovereign Immunity………………………………………………7

   • II. The Fourteenth Amendment of the United States Constitution…….9

   • III. The Supremacy Clause and The Social Security Act Title IV-A….13

   • IV. Compliance with State and Federal Laws………………………….14

   • V. Untimeliness of Filing Plaintiff's Petition………………………..17

3. Conclusion……………………………………………………………….21

4. Prayer……………………………………………………………………22

5. Certificate of Compliance………………………………………………23

6. Certificate of Service…………………………………..………………..24

7. Appendix…………………………………………..……………………25

# Table of Authorities & Statutes

## Statutes

1. United States Constitution, Article VI, Clause 2, The Supremacy Clause and the Preemption Doctrine……………………………………………………………..13

2. The Fourteenth Amendment, U.S. Constitution……………………...….9, 14

3. The Voidness Doctrine……………………………………………………………7

4. United States Code Title 42 § 1983…………………………………..8, 20

5. Social Security Act Title IV-A…………………………9, 12, 13, 14, 15, 16

6. Code of Federal Regulations (CFR), Title 45, Subtitle B, Chapter II, Parts 260-265, Parts 205-206………………………….…9, 12, 13, 14, 15, 16

7. Texas Administrative Code (TAC), Title 1, Part 15, Subchapter B, Division 7, Chapter 372………………………………………………….…..11, 14, 15

8. SI 00830.403 Temporary Assistance for Needy Families (TANF)………14

9. Texas Human Resource Code, Title 2, Subtitle C, Chapter 31, Subtitle A..14

10. Tex. Gov't Code Chapter 525…………………………………………..14

11. Texas Penal Code § 37.10……………………………………………20

12. Texas Penal Code § 39.02……………………………………………20

13. Texas Works Handbook - C-110-TANF……………………………..11

14. Texas Works Handbook – C-111-Income Limits…………………………11

15. Texas Works Handbook- A-1341.1 - Grant Amount……………………..11

## Authorities

1. Will v. Michigan Dept. of State Police (1989)……………………….…9

2. *Hafer v. Melo*

502 U.S. 21 (1991)……………………………………………………….……9

3. *Blum v. Bacon*
(457 U.S. 132, 1982) …………………………………………………….. 13

4. *Carrie Hendrick v. New Hampshire Department of Health and Human Services*
(2016) No. 2015-0442…………………………………………….…………13

5. *Arizona v. United States (2012)*
567 us 387………………………………………………………………14

6. *United States v. Curtiss-Wright Export Corp.*,
299 U. S. 304, 318 (1936) …………………………………………….14

7. *National Association of Chain Drug Stores, Inc. v. Cecile Young (2024)*
No. 07-23-00175-CV, Tex. Ct. App. 7th Dist…………………….……14

8. *McMillen v. Tex. Health & Human Servs. Comm'n (2016)*
No. 15-0147, Supreme Court of Texas……………………………………16

9. *LVNV Funding, LLC v. Trice*,
2015 IL 116129…………………………………………………..….7

10. 30A Am Jur Judgments " 44, 45…………………………………….…7

11. *Earle v. McVeigh*,
91 US 503, 23 L Ed 398……………………………………….…..10

12. *Hanson v Denckla*,
357 US 235, 2 L Ed 2d 1283, 78 S Ct 1228……………………………10

13. *Rose v. Himely*
(1808) 4 Cranch 241, 2 L ed 608…………………………………..7

14. *Pennoyer v. Neff*
(1877) 95 US 714, 24 L ed 565………………………………………7

15. *Thompson v. Whitman*

(1873) 18 Wall 457, 21 l ED 897……………………………………………7

16. *Windsor v. McVeigh*
(1876) 93 US 274, 23 L ed 914…………………………………………..7

17. *McDonald v. Mabee*
(1917) 243 US 90, 37 Sct 343, 61 L ed 608………......................................7

18. *U.S. v. Holtzman*
762 F.2d 720 (9th Cir. 1985) …………………………………………..10

19. *Sabariego v Maverick*
124 US 261, 31 L Ed 430, 8 S Ct 461…………………………………..10

# **Argument**

## **Introduction**

Plaintiff, Linda D. Tanner, Pro Se, brings forth this argument in response to the *Appellee Brief* filed May 29, 2025. The issue that is ultimately in question in this appeal is whether the trial court properly dismissed the plaintiff's suit for judicial review due to a lack of subject matter jurisdiction and legal standing. The appellees' argument is that the lack of subject matter jurisdiction is due to the untimeliness of the filing of the original petition for review by the plaintiff and that she did not meet statutory requirements. They also state the claims for constitutional violations and federal and state non-compliance are barred due to sovereign immunity.

Pursuant to the Voidness Doctrine, any dismissal that is due to lack of subject matter jurisdiction is considered null and void because a court without jurisdiction has no legal authority to rule on the case. Judgments issued without jurisdiction are legally null and unenforceable. *"Void or voidable was ultimately a question of jurisdiction,"* LVNV Funding, LLC v. Trice, 2015 IL 116129 *"A void judgment does not create any binding obligation."* Kalb v. Feuerstein (1940) 308 US 433, 60 S Ct 343, 84 L ed 370; *"An order that exceeds the jurisdiction of the court, is void, or voidable, and can be attacked in any proceeding in any court where the validity of the judgment comes into issue."* Rose v. Himely (1808) 4 Cranch 241, 2 L ed 608; "*All proceedings founded on the void judgment are themselves regarded as invalid."* 30A Am Jur Judgments 44, 45

## I. Sovereign Immunity

Sovereign immunity is a legal doctrine used to protect federal and state entities from being sued without the permission of itself. However, sovereign immunity is not waived for government officials representing a state entity being sued in their personal or individual capacity. The Appellant, Linda D. Tanner, has stated numerous times in the petition and pleadings in the clerk's record from the trial court, 459th Judicial District Court, Travis County, Texas and the Appellate Brief in the above numbered appeal that the Defendant's Juan Rodriguez, Wendy Proctor, and Julia Murray are being sued in their personal or individual capacities. In this case, sovereign immunity is waived with respect to U.S. Code Title 42 § 1983 – Civil Action for Deprivation of Rights, which gives the state's consent to suit by reference to a statute and legislative permission. U.S. Code Title 42 § 1983 is a federal cause of action for individuals whose constitutional rights have been violated by persons acting under color of state law. U.S. Code Title 42 § 1983 expresses legislative permission and waives the sovereign immunity for state officials that are being sued in their individual or personal capacities for acts of neglect and bad faith displayed under their authority while representing a government entity such as the Texas Health and Human Services Commission. This directly relates to the plaintiff's constitutional rights being violated as previously stated in the trial court's record and the appellate brief for this appeal. *"the Court of Appeals found that respondents sought damages from Hafer in her personal capacity and held that, because she acted under color of state law, respondents could maintain a § 1983 individual-capacity suit against her." "Personal-capacity suits, on the other hand, seek to impose individual liability*

*upon a government officer for actions taken under color of state law. Thus, "[o]n the merits, to establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."* Hafer v. Melo, 502 U.S. 21 (1991) *"Neither States nor state officials acting in their official capacities are "persons" within meaning of § 1983."* Will v. Michigan Dept. of State Police (1989) However, individuals, municipalities, and state officials sued in their personal capacity are considered "persons" under U.S. Code Title 42 § 1983 and can be held liable for constitutional violations.

The defendants in this cause have originally tried to claim qualified immunity in their affirmative defenses. Qualified immunity, by definition, is used to protect government officials from a lawsuit unless their actions violated clearly established statutory or constitutional rights. Claiming qualified immunity would be invalid and unlawful in this case. The defendants have neglected the plaintiff's constitutional rights and violated clearly established constitutional and statutory laws that are in place for the Texas Temporary Assistance for Needy Families (TANF) Cash Help Program. They directly violated the plaintiff's Fourteenth Amendment of the U.S. Constitution procedural due process clause and the equal protection clause. They are not applying the applicable federal and state laws and guidelines in place for the TANF Cash Help Program which makes them noncompliant with state and federal regulations. This makes them noncompliant with the Code of Federal Regulations (CFR) Title 45, Chapter II, Parts 260-265, and The Social Security Act Title IV-A.

## II. The Fourteenth Amendment of the United States Constitution

The Fourteenth Amendment of the United States Constitution ensures the government follows fair procedures before depriving a person of life, liberty, or

property. This includes the civil rights of procedural due process and equal protection. *"A judgment may not be rendered in violation of constitutional protections."* "*The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard.*" Earle v. McVeigh, 91 US 503, 23 L Ed 398 *"A judgment of a court without hearing the party or giving him an opportunity to be heard is not a judicial determination of his rights."* Sabariego v Maverick, 124 US 261, 31 L Ed 430, 8 S Ct 461

Let us remember that the rules of procedure exist to ensure fairness and efficiency. That is the very foundation of civil rights in the United States of America. *"The limitations inherent in the requirements of due process and equal protection of the law extend to judicial as well as political branches of government, so that a judgment may not be rendered in violation of those constitutional limitations and guarantees."* Hanson v Denckla, 357 US 235, 2 L Ed 2d 1283, 78 S Ct 1228.

The plaintiff was denied procedural due process nine times in this case. The first two times was during the fair and fraud hearings that took place on December 6, 2023, January 17, 2024, and the Administrative Review that took place on February 15, 2024. As a hearings officers and an administrative judge, it is Defendant's Juan Rodriguez's, Wendy Proctor's, and Julia Murray's role to apply procedural due process by evaluating evidence, ensuring fairness, and applying legal standards to the facts presented. It is their responsibility to review and analyze the statement of facts brought forth by the plaintiff. They failed to do that during all three proceedings. Had they reviewed the statement of facts provided by the plaintiff they would have easily seen where the mistakes were. They would have easily seen that the issue with the ineligibility of the plaintiff was due to the fact that the Texas Health and Human Services Commission officials, in their individual capacities, have failed to apply the Federal Poverty Levels to the two

tests used to determine eligibility. These tests are called the Budgetary Needs Test and the Recognizable Needs Test located in the Texas Administrative Code (TAC) Title 1, Part 15, Subchapter B, Division 7, Chapter 372 § 372.408. They would have also seen that the Budgetary Needs amounts are 100% of the Federal Poverty Level and the Recognizable Needs are 25% of the Budgetary Needs amount which is located in the Texas Works Handbook C-110-TANF – C-111- Income Limits. Lastly, the max grant amounts are 17% of the Federal Poverty Level for the family size of the applicant. From that number you subtract the eligible earned and/or unearned income of the applicant and that is total amount of the monthly payments the applicant would receive. This rule is located in the Texas Works Handbook- A-1341.1 - Grant Amount.

The fact is they didn't acknowledge any of the facts. They had no questions for the plaintiff and frankly didn't seem to want to hear anything she had to say while stating her case during the hearings. They were uninterested in claims regarding the applicable laws not being applied and completely ignored the plaintiff's statement of facts. Had they thoroughly analyzed the case made by the plaintiff they would have seen the facts and mistakes and noticed that the guidelines for the TANF Cash Help Program on the My Texas Benefits website, the Texas HHSC website, and the MEPD and TW Bulletin all conflict with the state and federal regulations for this program.

Also, one reasonable point that I would like to make is that the plaintiff was making claims regarding common and clearly established laws that have been in place for the Texas TANF Cash Help Program for a long time. This was not a proposal of new laws by the plaintiff. It was and is not something she needs to "talk to her congressman" about. These rules and statutes were and are applicable by the officials in their individual roles of representing the state entity of the Texas Health and Human Services Commission. That being said, the state officials

completely ignored all claims and all facts clearly stated right in front of them. It was a simple denial without review of the law. Because of the negligence and bad faith displayed by the defendant's actions in their individual roles as government officials for the Texas Health and Human Services Commission, the plaintiff and her family were evicted out of their residence and lacked food, shelter, clothing, and other nondiscretionary items until taken in by an emergency shelter. She wasn't able to buy Christmas gifts for her children and also lost access to over half of their belongings due to having no money. They were forced into homelessness which could have completely been avoided had the state officials applied the applicable laws when determining her eligibility for the program.

The third time the plaintiff was denied procedural due process of law was during the judicial review in the trial court 459th Judicial District Court. The Texas AOG defendants filed their answers and the plaintiff made a discovery request for production of documents and interrogatories in light of the Public Information Act (PIA). The defendants' counsel refused to produce documents and answer questions saying that it is not permitted pursuant to the Administrative Procedure Act and that all discovery is exclusive to the administrative record. In turn, the plaintiff responded clearly that it is permitted pursuant to the Administrative Procedure Act because the judicial review requires further fact finding due to agency misconduct and bad faith. The plaintiff filed a motion for discovery that was never heard or acknowledge by the judge of the court or defendants' counsel. The Texas OAG again did not provide data collection and reporting pursuant to 45 CFR Part 265 when asked to provide as part of the PIA and The Social Security Act IV-A Section 411.

There were several other pleadings filed by the plaintiff that were never heard or acknowledged by the judge of the court and the defendants' counsel. The

plaintiff sent correspondence regarding the pleadings and never got any reply by the defendant's counsel; just completely ignored.

The other six times the plaintiff was denied procedural due process was during the six times she has applied for the TANF Cash Help program since the year 2021 and been denied every single time without full review of the income limit amounts being used to decide eligibility.

## III. The Supremacy Clause and The Social Security Act Title IV-A

The Supremacy Clause found in Article VI, Clause 2 of the U.S. Constitution, states that "the Constitution, federal laws made pursuant to it, and treaties made under its authority, constitute the "Supreme Law of the Land", and thus take priority over any conflicting state laws." Under the Supremacy Clause or Preemption Doctrine of the United States Constitution, federal law takes precedence over conflicting state laws. This means that Texas courts must comply with the Social Security Act Title IV-A and the Code of Federal Regulations Title 45, Chapter II, provisions governing TANF cash assistance programs being that they are, in fact, binding law. This means that Texas courts cannot ignore claims of noncompliance with federal and/or state regulations. "*Because the New York provisions conflict with a valid federal regulation promulgated by the Secretary of Health, Education, and Welfare (Secretary) which proscribes inequitable treatment of individuals or groups under an EA program, they are invalid under the Supremacy Clause.*" Blum v. Bacon (457 U.S. 132, 1982) *"We agree with the Solicitor General that the Supremacy Clause does not permit the State to redirect federal benefits as required by Rule He-W 654.04(c)*" Carrie Hendrick v. New Hampshire Department of Health and Human Services (2016) No. 2015-0442 *"This authority rests, in part, on the*

*National Government's constitutional power to "establish an uniform Rule of Nat- uralization," U. S. Const., Art. I, §8, cl. 4, and its inher- ent power as sovereign to control and conduct relations with foreign nations"* United States v. Curtiss-Wright Export Corp., 299 U. S. 304, 318 (1936)

This also means that Texas courts must comply with the Fourteenth Amendment of the United States Constitution provisions governing due process and equal protection during the process of appeal, administrative review, judicial review and so forth for TANF cash assistance programs being that they are, in fact, binding law.

## IV. Compliance with State and Federal Laws

Pursuant to Section 1116 of the Social Security Act Title IV-A and the Code of Federal Regulations (CFR) Title 45 § 201, the state of Texas submits a state plan that outlines the guidelines for the TANF Cash Help Program for approval. The guidelines, rules, and statutes for the TANF Cash Help Program are located in the State Plan, the Texas Administrative Code (TAC) Title 1, Part 15, Subchapter B, Division 7, Chapter 372, the Code of Federal Regulations Title 45, Part 200-205, Part 260-265, The Social Security Act Title IV-A, SI 00830.403 Temporary Assistance for Needy Families (TANF), the Texas Human Resources Code Chapter 31, and the Tex. Gov't Code Chapter 525. These all have statutes outlining the executive commissioner of the Texas HHSC's responsibility to lawfully distribute the federal block grants, federal funds, and any state funds to the active programs offered by the Texas HHSC.  It is also the executive commissioner's responsibility to update the program guidelines including eligibility income limits when necessary and mandatory at least once a year.  When is the last the time these eligibility income limits were updated? "*By failing to comply with her ministerial*

*duties, Young acted ultra vires.*" National Association of Chain Drug Stores, Inc. v. Cecile Young (2024) No. 07-23-00175-CV, Tex. Ct. App. 7th Dist.

Pursuant to CFR Part 265.1-265.3, it is the responsibility of the executive commissioner of the Texas HHSC to file quarterly and annual reports for the state. Annual reports are due 45 days after the end of the fiscal year. Each report must consist of TANF data reports, TANF financial reports, case record information, the expenditure data, the definitions and other information on state's TANF and MOE (Maintenance of Efforts) programs, and work outcomes. This was the very information the plaintiff was seeking in discovery from the Texas OAG and what they unlawfully denied to give to her. Again, denying her of her civil rights of procedural due process and equal protection.

The Texas TANF Cash Assistance program as outlined in the CFR, TAC, and Social Security Act Title IV-A is in place to offer help with paying for nondiscretionary items such as, clothing, food, housing payments, transportation, furniture, phone, laundry, utilities, medical supplies, supplies for the home, and other basic needs. This program is for reliable help for families when they need it so that they can maintain their home while looking for work. The TANF Cash Assistance program also offers ways to find and keep work as part of the responsibility of staying eligible for the program. This is a serious program that helps people and families in need. This program is designed to provide a financial foundation to those in need and consistently provide cash support throughout the time period needed (up to five years or 60 months). This allows citizens the chance to "get on their feet" and stay there. It is a program designed to truly help. What is currently being given does not give any support to families and is totally bogus.

The plaintiff has been denied this benefit 6 times since 2021 and she has been very eligible for it each and every time. She has been unable to find

employment for the last 4 years and this program could have really helped her and her family.

Currently, the Budgetary and Recognizable Needs are set at unrealistic amounts. In order for her to qualify, she would have to receive less than $188 a month just to receive a little over $300 in max grants. That being said, they also told her that she would have to surrender all of her child support payments received from the absent parent and use it to pay back the funds she receives in the TANF Cash help program. The fact is, applicants for TANF only have to get child support payments arranged to be disbursed through the Texas OAG to keep record of payments received. They do not have to give the money they receive as child support for their child(ren) to the Texas HHSC and TANF Cash Help Program. They do not have to pay back these funds. TANF Cash Help is a grant program not a loan application. If the government officials of the Texas HHSC are forcing the applicants to pay back the funds they get through the program, they are in extreme violation of the Code of Federal Regulations and the Social Security Act Title IV-A. They are in noncompliance of state and federal regulations and could potentially be at risk for penalties outlined in the Code of Federal Regulations (CFR), Title 45, Chapter II, Parts 260-265, specifically Part 262 and Part 265.8 – 265.9. *"Yet the OIG also has power to ensure "enforcement of state law relating to the provision of" health and human services. Id. § 531.102(a). And state law mandates that the Commission's "executive commissioner shall ensure that Medicaid implements 42 U.S.C. Section 1396p(b)(1)." Id. § 531.077(a). Accordingly, the Commission has authority to ensure compliance with section 1396p(b*)." McMillen v. Tex. Health & Human Servs. Comm'n (2016), No. 15-0147, Supreme Court of Texas

If they receive penalties for federal noncompliance, this means that federal funding could stop completely. This puts all applicants and state citizens/residents in an unlawful situation of being denied benefits due to lack of resources for the

program. Again, depriving the public of their constitutional or civil rights. The executive commissioner and the state government employees are responsible for these penalties in their individual roles as officials representing the Texas HHSC TANF programs, and could be held liable for their actions.

Considering all of the basic needs that the TANF Cash help program is supposed to provide for, it is literally impossible to do that with the max grant amounts that are in place. No one could reasonably live on the amounts being given. Furthermore, taking a look at TANF One-Time payments, the income eligibility guidelines are much higher than the yearly program income limits. What is the reason for that? It is clear that the Texas Health and Human Services Commission current guidelines conflict with state laws regarding the program. They are in noncompliance of state and federal regulations in place that determine the provisions on which the TANF Cash Help program benefits are provided.

Being that the plaintiff has been denied every single time she has either applied for TANF Cash Help or appealed the agency decision, the Texas HHSC has been in noncompliance of the rules and eligible income limits for a long time. To the best of her knowledge, they have been noncompliant since the year 2021 when she first applied for the program. Where are they getting the amounts that are currently in place for eligible income limits? It does not add up. It does not make sense. If they are asking that applicants pay the funds back, then where is all the money from the federal block grants and state funds going? Where are the funds?

## V. Untimeliness of Filing Plaintiff's Petition

The defendant's council claims that the plaintiff lacks subject matter jurisdiction and standing due to her untimeliness of filing her brief. The plaintiff requested administrative review on February 3, 2024. She never received any

correspondence regarding the administrative review. She requested another one on February 17, 2024. After not hearing about it or receiving any correspondence, she called 211 on March 19, 2024, and was told by the representative that it had been completed. It was then that the representative emailed her a copy of the letter with the administrative decision dated February 29, 2024. However, it also shows that the administrative review decision letter wasn't filed until March 11, 2024. Even though the plaintiff didn't receive the administrative review decision until March 19, 2024, she still submitted her petition for judicial review exactly 30 days from the date of the decision letter on March 29, 2024. The plaintiff apparently forgot to sign it and forgot to submit to her waiver of court fees. So, the district clerk returned the filing asking her to sign the petition and submit her waiver of court fees. The plaintiff did so and resubmitted the filing.

From this point, it is unclear what is going on with the petition. The plaintiff originally submitted the petition for review on March 29, 2024, at 11:22 p.m. It was not accepted. However, it was assigned a case number at that time. The filing was then returned the following Tuesday, April 2, 2024 at 2:32 p.m. The next filing date suggests that the plaintiff then filed the petition for review on May 13, 2024, submitted at 12:39 a.m. and then accepted at 4:26 p.m. This suggests that it took the plaintiff another 41 days to file the petition. The plaintiff only needed to sign the petition and submit the court fee waiver. There is no way it took her 41 days to do that and resubmit the petition. This raises a "red flag" for the plaintiff.

There are a few other issues in question. One is that the petition supposedly submitted on May 13, 2024 at 12:39 a.m. and accepted at 4:26 p.m., is filed marked accepted on May 13, 2024, at 11:22 p.m., which is the exact same time she submitted the original petition for review on March 29, 2024, and definitely not the same time the document was submitted and/or accepted on May 13, 2024. Next, on the email that was sent to the plaintiff after the filing was returned, it showed that

the returned reason was that the filer requested the return. The plaintiff did not request a return.

While reviewing the envelope details on the Texas e-file website from the file submission on March 29, 2024, it shows that the petition was submitted on March 29, 2024, but the case was initiated on 5/13/2024. The majority of the time, on the Texas e-file website, when a filing needs simple correction, it will retain the original file stamped date. In this case, although the case was initiated on May 13, 2024, it retained the file mark of March 29, 2024. The fact that the file stamped accepting time is different than the actual time it was accepted could simply be an administrative error by the e-file system. But the plaintiff can't seem to overlook the coincidence of the matching file stamp times of the original filing on March 29, 2024 and May 13, 2024 of 11:22 p.m. The file stamp on May 13, 2024, was manually placed at the exact time of 11:22 p.m. The file stamp dates and times can manually be adjusted by the court clerks. The question is "why?" though.

Lastly, the plaintiff would like to state that she was unprepared to supply evidence regarding the untimeliness of her petition filing during the hearing on January 23, 2025, with the Honorable Judge Eiserloh, because she was unaware that there was an issue with the timing of the filing of her petition for judicial review. She was, in fact, confused by the statement, because she did file it on time.

However, she did mention Rule 2300 in the Texas Fair and Fraud Hearings Handbook, during the hearing which states "A request for procedural review will be considered timely if filed after 30 days when the appellant demonstrates good cause for the filing delay." Also, there is the option of equitable tolling for an extended deadline due to the fact that this case is subject to judicial review for government misconduct of state officials acting in their individual roles/capacities.

However, Judge Eiserloh made the motion to dismiss the case. After the final judgement was issued, the Plaintiff filed both a Motion to Reinstate and a

Motion for Reconsideration that included evidence that the petition was correctly filed on time. Again, the plaintiff never received a response to her motions or evidence and was denied her civil right of procedural due process.

Although the filing retains its original file date, it is clear that the file stamp has undergone administrative errors and manual adjustment or tampering by someone, possibly a clerk, which is probable cause for an investigation pursuant to Texas Penal Code § 37.10 and § 39.02.

# **<u>Conclusion</u>**

As, a recipient of the neglectful effects caused by the actions displayed by Defendants Hearings Officer Juan Rodriguez, Hearings Director Wendy Proctor, and Administrative Judge Julia Murray, Appellant, Linda D. Tanner, *Pro Se,* does have legal standing and subject matter jurisdiction to bring this case to the 459th Judicial District Court in Travis County, Texas for judicial review.  Her petition was filed within deadline requirements and sovereign immunity is waived with respect to U.S. Code Title 42 § 1983 and the state officials in their individual capacities.

However, with that said and pursuant to the Voidness Doctrine, any dismissal that is due to lack of subject matter jurisdiction is considered null and void because a court without jurisdiction has no legal authority to rule on the case. Judgments issued without jurisdiction are legally null and unenforceable.

# **Prayer**

Appellant, Linda D. Tanner, *Pro Se*, prays that the Court will motion for a retrial for this cause in appeal. She prays that they will see that she did have subject matter jurisdiction and legal standing to bring forth this case to the 459th Judicial District Court, Travis County, Texas. She prays they understand that a dismissal made in a court without jurisdiction is considered void and will appoint her case to the correct court. She prays that the state officials be held accountable, in their individual capacities, for their actions of not using the correct income limits to determine eligibility and being in state and federal noncompliance of the clearly set and established laws for the TANF Cash Help Program. The appellant also prays to receive the TANF Cash Help benefits that she has been unlawfully denied six times since 2021 and to have permanent injunctive relief from being consistently mistreated and misevaluated for the program. She also prays for declaratory relief.

Respectfully Submitted,

Linda D. Tanner
*Pro Se*
Lulu143134143@gmail.com
2121 Handley Drive
Apt 51
Fort Worth, TX 76112
817-204-8004

# **Certificate of Compliance**

Pursuant to TEX. R. APP. P. 38.3, I hereby certify that this Appellant Reply Brief contains 5,486 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes, which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ _____

Linda D. Tanner / *Pro Se*

# **Certificate of Service**

This is to certify that the forgoing Appellant Reply Brief has been submitted via the Texas E-filing website in compliance with the TEX. R. APP. P. Rule 9.5 on June 13, 2025, to the Clerk of Court and served on all registered counsel of record.

Giselle Ortiz Astacio
Texas State Bar No. 24103222
Lauren McGee
Texas State Bar No. 24128835
Susan Millsapps
Assistant Attorney General
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Telephone: (512) 475-4200
Griselle.OrtizAstacio@oag.texas.gov
Lauren.McGee@oag.texas.gov
susan.millsapps@oag.texas.gov

/s/ _____

Linda D. Tanner */ Pro Se*

# **<u>Appendix</u>**

1. First Page of the Original Petition filed in Trial Court showing file stamp
2. Emails from the Texas E-Filing website showing timestamps of submitted and returned petition
3. Emails from the Texas E-Filing website showing timestamps of submitted and accepted petition and court fee waiver
4. TANF Cash Help Denial Letters from the Texas HHSC & My Texas Benefits

5/13/2024 11:22 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-24-002987
Jose Garcia

**CASE NO.** _____     D-1-GN-24-002987

---

**In the District Court**     459TH, DISTRICT COURT

**Travis County, Texas**

---

Linda D. Tanner,

*Petitioner*

*v.*

Texas Health and Human Services Commission

Fair and Fraud Hearings

Julia Murray, Wendy Proctor, Juan Rodriguez,

*Respondent*

---

From the Texas Health and Human Services Commission,

Fair and Fraud Hearings

Case Number 1000212693, Appeal ID Number 3894184 **& 3894183**

Juan Rodriguez, Hearings Officer

Wendy Proctor, Fair Hearings Director

Julia Murray, Administrative Law judge

---

# PETITION FOR JUDICIAL REVIEW

---

1

# Case # D-1-GN-24-002987 - LINDA TANNERvs.TEXAS HEALTH AND

## Envelope Information

**Envelope Id**
86119447

**Submitted Date**
3/29/2024 11:22 PM CST

**Submitted User Name**
LULU143134143@GMAIL.COM

## Case Information

**Location**
Travis County - 459th District Court

**Category**
Civil - Other Civil

**Case Type**
Administrative Appeal

**Case Initiation Date**
5/13/2024

**Case #**
D-1-GN-24-002987

**Assigned to Judge**
459TH, DISTRICT COURT

**Damages Sought**
Monetary relief of $250,000 or less
and non-monetary relief

## Party Information

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Plaintiff | LINDA D TANNER | Pro Se |
| Defendant | TEXAS HEALTH AND HUMAN … | GRISELLE ORTIZ ASTACIO (+1… |
| Defendant | JULIA MURRAY | LAUREN MCGEE (+1 more) |
| Defendant | WENDY PROCTOR | LAUREN MCGEE (+1 more) |
| Defendant | JUAN RODRIGUEZ | LAUREN MCGEE (+1 more) |

## Filings

| Filing Code | Client Ref # | Filing Description |
|---|---|---|
| Petition | | Petition for Judicial Review |

 Support


## Filing Submitted for Case: 86119447; ; Envelope Number: 86119447

1 message

**no-reply@efilingmail.tylertech.cloud** <no-reply@efilingmail.tylertech.cloud>
To: LULU3822@gmail.com

Fri, Mar 29, 2024 at 11:23 PM



# Filing Submitted

Envelope Number: 86119447
Case Number: 86119447
Case Style:

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Travis County - District Clerk |
| **Date/Time Submitted** | 3/29/2024 11:22 PM CST |
| **Filing Type** | Petition |
| **Filing Description** | Petition for Judicial Review |
| **Type of Filing** | EFile |
| **Filed By** | Linda Tanner |
| **Filing Attorney** | |

| Fee Details |
|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay.<br><br>If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). |
| Waiver Selected<br> Case Fees   $0.00<br> Petition        $0.00<br> Grand Total $0.00 |
| **Total:**$0.00 |

| Document Details | |
|---|---|
| **Lead Document** | TANF APPEAL JUDICIAL REVIEW.PDF |
| **Lead Document Page Count** | 32 |
| **File Copy** | Download Document |
| This link is active for 45 days. | |

For technical assistance, contact your service provider


# Filing Returned for Envelope Number: 86119447 in Case: 86119447, for filing Petition

1 message

**no-reply@efilingmail.tylertech.cloud** <no-reply@efilingmail.tylertech.cloud>
To: LULU3822@gmail.com

Tue, Apr 2, 2024 at 2:32 PM



# Filing Returned

Envelope Number: 86119447
Case Number: 86119447
Case Style:

The filing has been reviewed and returned for correction. **Please refile with the corrections indicated below.** For instructions on how to retain your original file stamp date, consult with your electronic filing service provider or the clerk's office. An electronically filed document is deemed filed when delivered to the electronic filing service provider, unless it is filed on a Saturday, Sunday, or legal holiday (in which case it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday)—or the document requires a motion and an order permitting the document to be filed.

| Return Reason(s) from Clerk's Office | |
|---|---|
| **Court** | Travis County - District Clerk |
| **Returned Reason** | Filer's Request |
| **Returned Comments** | Left you a voicemail. No answer. Please sign your Petition and submit your Waiver as a separate lead document under the same envelope number. Also, submit a citation service request as well. If you have any questions, please, you can reach me at 512-854-9421 Thank you, Nancy Rodriguez |

To learn how to copy the rejected filing so that you can make changes to refile, click here

| | |
|---|---|
| **Document Details** | |
| **Case Number** | 86119447 |
| **Case Style** | |
| **Date/Time Submitted** | 3/29/2024 11:22 PM CST |
| **Filing Type** | Petition |
| **Filing Description** | Petition for Judicial Review |
| **Activity Requested** | EFile |
| **Filed By** | Linda Tanner |
| **Filing Attorney** | |

 Gmail

Linda Tanner <lulu3822@gmail.com>

# Filing Accepted for Case: D-1-GN-24-002987; LINDA TANNERvs.TEXAS HEALTH AND HUMAN SERVICES COMMISSION ; Envelope Number: 87641211

1 message

**no-reply@efilingmail.tylertech.cloud** <no-reply@efilingmail.tylertech.cloud>
To: LULU3822@gmail.com

Mon, May 13, 2024 at 4:26 PM



## Filing Accepted

Envelope Number: 87641211
Case Number: D-1-GN-24-002987
Case Style: LINDA TANNER
vs.
TEXAS HEALTH AND HUMAN SERVICES COMMISSION

The filing below was reviewed and has been accepted by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.If the link does not work, please copy the link and paste into your browser. You can also obtain this document by following the steps on this article.

### Filing Details

| | |
|---|---|
| **Court** | Travis County - District Clerk Civil/Family |
| **Case Number** | D-1-GN-24-002987 |
| **Case Style** | LINDA TANNER vs. TEXAS HEALTH AND HUMAN SERVICES COMMISSION |
| **Date/Time Submitted** | 5/13/2024 12:39 AM CST |
| **Date/Time Accepted** | 5/13/2024 4:26 PM CST |
| **Accepted Comments** | |
| **Filing Type** | EFileAndServe |
| **Filing Description** | PETITION FOR JUDICIAL REVIEW |
| **Activity Requested** | ORIGINAL PETITION/APPLICATION - (OCA) |
| **Filed By** | Linda Tanner |
| **Filing Attorney** | |

### Document Details

| | |
|---|---|
| **Lead Document** | TANFJUDICIALREVIEWPETITIONANDAPPENDIX.pdf |
| **Lead Document Page Count** | 112 |
| **File Stamped Copy** | Download Document |

This link is active for 45 days. To access this document, you will be required to enter your email address. Click here for more information.

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.

For technical assistance, contact your service provider

 
# Filing Accepted for Case: D-1-GN-24-002987; LINDA TANNERvs.TEXAS HEALTH AND HUMAN SERVICES COMMISSION ; Envelope Number: 87641211

1 message

**no-reply@efilingmail.tylertech.cloud** <no-reply@efilingmail.tylertech.cloud>
To: LULU3822@gmail.com

Mon, May 13, 2024 at 4:26 PM



**Filing Accepted**

Envelope Number: 87641211
Case Number: D-1-GN-24-002987
Case Style: LINDA TANNER
vs.
TEXAS HEALTH AND HUMAN SERVICES COMMISSION

The filing below was reviewed and has been accepted by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.If the link does not work, please copy the link and paste into your browser. You can also obtain this document by following the steps on this article.

| Filing Details | |
|---|---|
| **Court** | Travis County - District Clerk Civil/Family |
| **Case Number** | D-1-GN-24-002987 |
| **Case Style** | LINDA TANNER<br>vs.<br>TEXAS HEALTH AND HUMAN SERVICES COMMISSION |
| **Date/Time Submitted** | 5/13/2024 12:39 AM CST |
| **Date/Time Accepted** | 5/13/2024 4:26 PM CST |
| **Accepted Comments** | |
| **Filing Type** | EFileAndServe |
| **Filing Description** | STATEMENT OF INABILITY TO AFFORD PAYMENT OF COURT COSTS OR AN APPEAL BOND |
| **Activity Requested** | Statement of Inability to Afford Costs |
| **Filed By** | Linda Tanner |
| **Filing Attorney** | |

| Document Details | |
|---|---|
| **Lead Document** | waiver.pdf |
| **Lead Document Page Count** | 13 |
| **File Stamped Copy** | Download Document |
| This link is active for 45 days. To access this document, you will be required to enter your email address. Click here for more information. | |

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.

For technical assistance, contact your service provider


## Filing Submitted for Case: 87641211; ; Envelope Number: 87641211
1 message

**no-reply@efilingmail.tylertech.cloud** <no-reply@efilingmail.tylertech.cloud>          Mon, May 13, 2024 at 12:41 AM
To: LULU3822@gmail.com



### Filing Submitted

Envelope Number: 87641211
Case Number: 87641211
Case Style:

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Travis County - District Clerk |
| **Date/Time Submitted** | 5/13/2024 12:39 AM CST |
| **Filing Type** | Statement of Inability to Afford Costs |
| **Filing Description** | Statement and Inability to Afford Court Costs Waiver |
| **Type of Filing** | EFileAndServe |
| **Filed By** | Linda Tanner |
| **Filing Attorney** | |

| Fee Details |
|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay.<br><br>If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). |

| Waiver Selected | |
|---|---|
| Case Fees | $0.00 |
| Petition | $0.00 |
| Statement of Inability to Afford Costs | $0.00 |
| Grand Total | $0.00 |
| **Total:**$0.00 | |

| Document Details | |
|---|---|
| **Lead Document** | waiver.pdf |
| **Lead Document Page Count** | 13 |
| **File Copy** | Download Document |
| This link is active for 45 days. | |

For technical assistance, contact your service provider

 

## Filing Submitted for Case: 87641211; ; Envelope Number: 87641211
1 message

**no-reply@efilingmail.tylertech.cloud** <no-reply@efilingmail.tylertech.cloud>          Mon, May 13, 2024 at 12:41 AM
To: LULU3822@gmail.com



# Filing Submitted

Envelope Number: 87641211
Case Number: 87641211
Case Style:

The filing below has been submitted to the clerk's office for review. Please allow 24 - 48 hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Travis County - District Clerk |
| **Date/Time Submitted** | 5/13/2024 12:39 AM CST |
| **Filing Type** | Petition |
| **Filing Description** | Petition for Judicial Review |
| **Type of Filing** | EFileAndServe |
| **Filed By** | Linda Tanner |
| **Filing Attorney** | |

| Fee Details |
|---|
| Your account is never charged until your filing is accepted. If you see any pending charges on your account prior to acceptance, this is an authorization hold to ensure the funds are available so your filing can be accepted without delay. <br><br> If the filing is canceled or rejected these funds will be released and will return to your account according to your financial institution's policies (typically 3-10 business days). |
| Waiver Selected <br> Case Fees      $0.00 <br> Petition      $0.00 <br> Statement of Inability to Afford Costs   $0.00 <br> Grand Total      $0.00 |
| **Total:**$0.00 |

| Document Details | |
|---|---|
| **Lead Document** | TANFJUDICIALREVIEWPETITIONANDAPPENDIX.pdf |
| **Lead Document Page Count** | 112 |
| **File Copy** | Download Document |
| This link is active for 45 days. | |

For technical assistance, contact your service provider

TEXAS HEALTH AND HUMAN SERVICES
P O BOX 149029
AUSTIN, TEXAS 78714-9029



**Date:**          **06/03/2024**

**Case Number:** ⬛⬛⬛⬛⬛⬛⬛

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability, call 7-1-1 or any relay service. **All numbers are free to call.**

LINDA D TANNER



# Notice about your case:

## SNAP Food Benefits

**EDG number:** ⬛⬛⬛⬛⬛⬛⬛

| Who gets SNAP Food Benefits | | |
|---|---|---|
| Name | Date | Monthly Amount |
| Linda D Tanner; ⬛⬛⬛⬛⬛⬛⬛⬛⬛ | 07/01/2024 - 10/31/2024 | ⬛⬛⬛⬛ |
| Linda D Tanner; ⬛⬛⬛⬛⬛⬛; ⬛⬛⬛⬛ | 05/01/2024 | ⬛⬛⬛⬛ |
| **Notes:** Your SNAP benefits will be available by the 25th of each month. (If this is your first time getting benefits, you may get them early for the first few months.) | | |

## TANF cash help for families

**EDG number:** ⬛⬛⬛⬛⬛⬛

| Who can't get  TANF cash help for families | |
|---|---|
| Name | Date |
| Linda D Tanner; ⬛⬛⬛⬛⬛⬛⬛⬛⬛ | 12/02/2023 |
| Reason: | |

You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001)
You didn't go to the workforce orientation. - (TW A-2214, 1 TAC 372.1253, 45 CFR 261.10)
The money you get is more than allowed by program rules. - (TW A-1341, 1 TAC 372.408)

Notes:

Linda D Tanner has used 0 months out of the 12 months allowed under State rules.

Linda D Tanner has used 0 months out of the 60 months allowed under TANF Basic rules.

Linda D Tanner has used 0 months out of the 60 months allowed under State Program rules.

Monthly Income Limit for Your Household Size - EDG Number ████████
December 2023 - $ 188.00

## Health Care Benefits

| Who gets health care benefits | | | |
|---|---|---|---|
| Name | EDG number | Program | Date |
| ████████ | | | 11/30/2023 |
| ████████ | | | 07/01/2024 - 06/30/2025 |
| ████████ | | | 07/01/2024 - 06/30/2025 |
| ████████ | | | 12/01/2023 - 06/30/2025 |



TEXAS
Health and Human
Services

**Date:**      **01/30/2025**

**Case Number:** ███████████

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability, call 7-1-1 or any relay service.
**All numbers are free to call.**

LINDA D TANNER

# Notice about your case:

## SNAP Food Benefits

**EDG number:** ████████████

| Who gets SNAP Food Benefits | | |
|---|---|---|
| Name | Date | Monthly Amount |
| ██████████ Linda D Tanner; ███████ ████████ | ████████████ | ████████ |

Notes:

Your SNAP benefits will be available by the 25th of each month. (If this is your first time getting benefits, you may get them early for the first few months.)

## TANF cash help for families

**EDG number:** █████████████

| Who can't get TANF cash help for families | |
|---|---|
| Name | Date |
| Linda D Tanner; ██████████████████ ██████████ | 01/30/2025 |

Reason:

You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001)
The money you get is more than allowed by program rules. - (TW A-1341, 1 TAC 372.408)

Notes:

Linda D Tanner has used 0 months out of the 12 months allowed under State rules.

Linda D Tanner has used 0 months out of the 60 months allowed under TANF Basic rules.

Linda D Tanner has used 0 months out of the 60 months allowed under State Program rules.

Monthly Income Limit for Your Household Size - EDG Number: ███████████
January 2025 - $ 188.00

Comments:   After certification, TANF individuals must remit to the OAG all child support payments received for a certified child. Individuals should be given sufficient copies of Form H1710, Payment Identification, and OAG self-addressed envelopes, if payments are being made or might be made. When the individual receives a child support payment from an absent parent following certification, the individual must:

write on the check or money order "Deposit Only - State Treasury" and not endorse the check or money order;
include Form H1710 with the check or money order; and
send it to the Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9941. If child support is intended for a child on TANF and one on Supplemental Security Income (SSI), the individual must remit the payment to the OAG for proration and distribution to occur.

## Health Care Benefits

| Who gets health care benefits | | | |
|---|---|---|---|
| Name | EDG number | Program | Date |
| ████████████████████ | | | 03/01/2025 06/30/2025 |
| ████████████████████ | | | 03/01/2025 06/30/2025 |
| ████████████████████ | | | 03/01/2025 06/30/2025 |

**Form TF0001**
04/2024

TEXAS HEALTH AND HUMAN SERVICES
P O BOX 149029
AUSTIN, TEXAS 78714-9029



**Date:** **09/21/2021**

**Case Number:** ▇▇▇▇▇▇▇▇

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability, call 7-1-1 or any relay service.
**All numbers are free to call.**

LINDA D TANNER
▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇

# Notice about your case:

## TANF cash help for families

**EDG number:** ▇▇▇▇▇▇▇▇

| Who can't get  TANF cash help for families | |
|---|---|
| Name | Date |
| Linda D Tanner; ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇ | 09/15/2021 |

| Reason: |
|---|
| You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001)<br>The value of the things you are paying for or own are more than allowed by program rules. - (TW A-1220, 1 TAC 372.354)<br>The money you get is more than allowed by program rules. - (TW A-1341, 1 TAC 372.408) |
| Notes: |
| Linda D Tanner has used 0 months out of the 12 months allowed under State rules.<br><br>Linda D Tanner has used 0 months out of the 60 months allowed under TANF Basic rules.<br><br>Linda D Tanner has used 0 months out of the 60 months allowed under State Program rules.<br><br>Monthly Income Limit  EDG Number: ▇▇▇▇▇▇▇▇<br>September 2021 - $ 188.00 |

# Health Care Benefits

<table>
<tr><th colspan="4" align="center">Who gets health care benefits</th></tr>
<tr><th>Name</th><th>EDG number</th><th>Program</th><th>Date</th></tr>
<tr><td>████████████</td><td></td><td></td><td>11/01/2021<br>06/30/2022</td></tr>
<tr><td>████████████</td><td></td><td></td><td>11/01/2021<br>06/30/2022</td></tr>
<tr><td>████████████</td><td></td><td></td><td>11/01/2021<br>06/30/2022</td></tr>
</table>

Notes:

A federal public health emergency was declared on Jan. 27, 2020, which allows your Medicaid coverage to continue for the duration of the federally declared emergency. Since the federal public health emergency has been extended, HHSC will continue your coverage until the public health emergency ends. You are getting this notice because a review of your most recent information indicates you will not be eligible for Medicaid coverage when the public health emergency ends. Your Medicaid coverage will end the last day of the month in which the public health emergency ends. While you have coverage, you should continue to report any changes and HHSC will review your eligibility based on the changes you report.

The federal public health emergency declared January 27, 2020 and current federal guidance has allowed certain Medicaid coverage to continue. If there are any additional changes to Medicaid coverage HHSC will let clients know at the appropriate time.

<table>
<tr><th colspan="4" align="center">Who can't get health care benefits</th></tr>
<tr><th>Name</th><th>EDG Number</th><th>Program</th><th>Date</th></tr>
<tr><td>████████████</td><td></td><td></td><td></td></tr>
<tr><td>████████████</td><td></td><td></td><td></td></tr>
<tr><td>████████████</td><td></td><td></td><td></td></tr>
</table>

Reason:

You are not eligible for benefits. - (TW A-2350, 1 TAC 366.215; 366.311; 366.409; 366.511; 366.615; 366.711; 366.811; 366.903, 42 CFR 435.919)

Layla Grace Tanner isn't: (1) age 20 or younger, (2) age 65 or older, (3) pregnant, (4) someone with a disability, (5) a dependent child on this case, OR (6) a child who didn't get SSI (Supplemental Security Income) due to the August 1996 change in disability rules. - (TW A-825; A-221B 475.1.2, 1 TAC 366.307; 366.507; 366.611; 366.707; 366.807, 42 CFR 435.301)

Sophia Eleanor Moreno-jaquez isn't: (1) age 20 or younger, (2) age 65 or older, (3) pregnant, (4) someone with a disability, (5) a dependent child on this case, OR (6) a child who didn't get SSI (Supplemental Security Income) due to the August 1996 change in disability rules. - (TW A-825; A-221B 475.1.2, 1 TAC 366.307; 366.507; 366.611; 366.707; 366.807, 42 CFR 435.301)

Linda D Tanner isn't: (1) age 20 or younger, (2) age 65 or older, (3) pregnant, (4) someone with a disability, (5) a dependent child on this case, OR (6) a child who didn't get SSI (Supplemental Security Income) due to the August 1996 change in disability rules. - (TW A-825; A-221B 475.1.2, 1 TAC 366.307; 366.507; 366.611; 366.707; 366.807, 42 CFR 435.301)

Notes:



**TEXAS**
Health and Human
Services

**Date:** **06/03/2021**

**Case Number:** ████████████

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability, call 7-1-1 or any relay service.
**All numbers are free to call.**

LINDA D TANNER
████████████████████

# Notice about your case:

## TANF cash help for families

**EDG number:** ████████████

| Who can't get  TANF cash help for families | |
|---|---|
| Name | Date |
| ██████████████████████████ Linda D Tanner | 06/03/2021 |
| Reason: <br><br> You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001) <br> The value of the things you are paying for or own are more than allowed by program rules. - (TW A-1220, 1 TAC 372.354) <br> The money you get is more than allowed by program rules. - (TW A-1341, 1 TAC 372.408) | |
| Notes: <br><br> Linda D Tanner has used 0 months out of the 12 months allowed under State rules. <br><br> Linda D Tanner has used 0 months out of the 60 months allowed under TANF Basic rules. <br><br> Linda D Tanner has used 0 months out of the 60 months allowed under State Program rules. <br><br> Monthly Income Limit - EDG Number ████████████ <br> June 2021 - $ 751.00 | |

## Health Care Benefits

<table>
<tr><th colspan="4" align="center">Who gets health care benefits</th></tr>
<tr><th>Name</th><th>EDG number</th><th>Program</th><th>Date</th></tr>
<tr><td>█</td><td></td><td></td><td>07/01/2021 -<br>06/30/2022</td></tr>
<tr><td>███████</td><td></td><td></td><td>07/01/2021 -<br>06/30/2022</td></tr>
<tr><td>███████</td><td></td><td></td><td>07/01/2021 -<br>06/30/2022</td></tr>
</table>

Notes:

The federal public health emergency declared January 27, 2020 and current federal guidance has allowed certain Medicaid coverage to continue. If there are any additional changes to Medicaid coverage HHSC will let clients know at the appropriate time.

<table>
<tr><th colspan="4" align="center">Who can't get health care benefits</th></tr>
<tr><th>Name</th><th>EDG Number</th><th>Program</th><th>Date</th></tr>
</table>

Reason:

You are not eligible for benefits. - (TW A-2350, 1 TAC 366.215; 366.311; 366.409; 366.511; 366.615; 366.711; 366.811; 366.903, 42 CFR 435.919)
Individuals isn't: (1) age 20 or younger, (2) age 65 or older, (3) pregnant, (4) someone with a disability, (5) a dependent child on this case, OR (6) a child who didn't get SSI (Supplemental Security Income) due to the August 1996 change in disability rules. - (TW A-825; A-221B 475.1.2, 1 TAC 366.307; 366.507; 366.611; 366.707; 366.807, 42 CFR 435.301)

TEXAS HEALTH AND HUMAN SERVICES
P O BOX 149029
AUSTIN, TEXAS 78714-9029



**TEXAS**
Health and Human
Services

| | |
|---|---|
| **Date:** | **10/02/2023** |
| **Case Number:** | ▓▓▓▓▓▓▓▓ |

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability, call 7-1-1 or any relay service.
**All numbers are free to call.**

LINDA D TANNER



# Notice about your case:

## TANF cash help for families
**EDG number: 641562132**

| Who can't get  TANF cash help for families | |
|---|---|
| Name | Date |
| Linda D Tanner; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ | 09/17/2023 |

Reason:

You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001)
The money you get is more than allowed by program rules. - (TW A-1341, 1 TAC 372.408)

Notes:

Linda D Tanner has used 0 months out of the 12 months allowed under State rules.

Linda D Tanner has used 0 months out of the 60 months allowed under TANF Basic rules.

Linda D Tanner has used 0 months out of the 60 months allowed under State Program rules.

Monthly Income Limit for Your Household Size - EDG Number ▓▓▓▓▓▓▓▓▓
September 2023 - $ 188.00

## Health Care Benefits

## Who gets health care benefits

| Name | EDG number | Program | Date |
|------|-----------|---------|------|
| ██████████████████████████████ | | | 11/01/2023 06/30/2024 |
| ██████████████████████████████ | | | 11/01/2023 06/30/2024 |

## Who can't get health care benefits

| Name | EDG Number | Program | Date |
|------|-----------|---------|------|
| ██████████████████████████████ | | | |

Reason:

You are not eligible for benefits. - (TW A-2350, 1 TAC 366.215; 366.311; 366.409; 366.511; 366.615; 366.711; 366.811; 366.903, 42 CFR 435.919)
Linda D Tanner already gets this benefit. - (TW A-210, 1 TAC 366.203; 366.303; 366.403; 366.503; 366.603; 366.703; 366.803, 42 CFR 435.906)

TEXAS HEALTH AND HUMAN SERVICES
P O BOX 149029
AUSTIN, TEXAS 78714-9029



**Date:** **05/06/2021**

**Case Number:** ███████████

**Need help?**

Call 2-1-1 or 1-877-541-7905

If you have a hearing or speech disability,
call 7-1-1 or any relay service.
**All numbers are free to call.**

LINDA D TANNER


# Notice about your case:

## SNAP Food Benefits

**EDG number:** ███████████

| Who gets SNAP Food Benefits | | |
|---|---|---|
| Name | Date | Monthly Amount |
| Linda D Tanner; ███████████ ███████████ | ███████████ | ███████████ |
| Linda D Tanner; ███████████ ███████████ | ███████████ | ███████████ |
| Notes: ███████████ | | |
| Your SNAP benefits will be available by the 12th of each month. (If this is your first time getting benefits, you may get them early for the first few months.) | | |

## TANF cash help for families
**EDG number:** ███████████

| Who can't get  TANF cash help for families | |
|---|---|
| Name | Date |
| ███████████ Linda D Tanner | 05/06/2021 |
| Reason: | |

You are not eligible for benefits. - (TW A-2350, 1 TAC 372.1001)
The value of the things you are paying for or own are more than allowed by program rules. - (TW A-1220, 1 TAC 372.354)
The money you get is more than allowed by program rules. - (TW A-1341, 1 TAC 372.408)

Notes:

Linda D Tanner has used 0 months out of the 12 months allowed under State rules.

Linda D Tanner has used 0 months out of the 60 months allowed under TANF Basic rules.

Linda D Tanner has used 0 months out of the 60 months allowed under State Program rules.

Monthly Income Limit - EDG Number: ██████████████
May 2021 - $ 751.00

## Health Care Benefits

| Who gets health care benefits | | | |
|---|---|---|---|
| Name | EDG number | Program | Date |
| ███████████████████████████ | | | 06/01/2021 - 08/31/2021 |
| ███████████████████████████ | | | 06/01/2021 - 08/31/2021 |
| L█████████████████████████ | | | 06/01/2021 - 12/31/2021 |

| Who can't get health care benefits | | | |
|---|---|---|---|
| Name | EDG Number | Program | Date |
| ███████████████████████████████████████████████████████████ | | | |

Reason:

You are not eligible for benefits. - (TW A-2350, 1 TAC 366.215; 366.311; 366.409; 366.511; 366.615; 366.711; 366.811; 366.903, 42 CFR 435.919)
(Linda D Tanner, Sophia Eleanor Moreno-jaquez, Layla Grace Tanner)  isn't: (1) age 20 or younger, (2) age 65 or older, (3) pregnant, (4) someone with a disability, (5) a dependent child on this case, OR (6) a child who didn't get SSI (Supplemental Security Income) due to the August 1996 change in disability rules. - (TW A-825; A-221B 475.1.2, 1 TAC 366.307; 366.507; 366.611; 366.707; 366.807, 42 CFR 435.301)

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101973141
Filing Code Description: Response
Filing Description: APPELLANT REPLY BRIEF AND APPENDIX
Status as of 6/13/2025 7:07 AM CST

Associated Case Party: LindaDTanner

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Linda Tanner | | Lulu3822@gmail.com | 6/13/2025 6:44:58 AM | SENT |
| LINDA DTANNER | | lulu143134143@gmail.com | 6/13/2025 6:44:58 AM | SENT |

Associated Case Party: JUAN RODRIGUEZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LAUREN MCGEE | | Lauren.Mcgee@oag.texas.gov | 6/13/2025 6:44:58 AM | SENT |
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 6/13/2025 6:44:58 AM | SENT |

Associated Case Party: WENDY PROCTOR

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LAUREN MCGEE | | Lauren.Mcgee@oag.texas.gov | 6/13/2025 6:44:58 AM | SENT |
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 6/13/2025 6:44:58 AM | SENT |

Associated Case Party: JULIA MURRAY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LAUREN MCGEE | | Lauren.Mcgee@oag.texas.gov | 6/13/2025 6:44:58 AM | SENT |
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 6/13/2025 6:44:58 AM | SENT |

Associated Case Party: TEXAS HEALTH AND HUMAN SERVICES COMMISSION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 101973141
Filing Code Description: Response
Filing Description: APPELLANT REPLY BRIEF AND APPENDIX
Status as of 6/13/2025 7:07 AM CST

Associated Case Party: TEXAS HEALTH AND HUMAN SERVICES COMMISSION

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| GRISELLE ORTIZASTACIO | | Griselle.OrtizAstacio@oag.texas.gov | 6/13/2025 6:44:58 AM | SENT |
| ATTN: LEGAL DEPARTMENT | | legaldepartment@hhsc.gov | 6/13/2025 6:44:58 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Christian Young | | christian.young@oag.texas.gov | 6/13/2025 6:44:58 AM | SENT |
| SUSAN MILSAPPS | | susan.millsapps@oag.texas.gov | 6/13/2025 6:44:58 AM | SENT |